*Livermore* for the plaintiff, *Eustis, Grymes & Hennen* for the defendants.

---

### PEET & AL. vs. MORGAN.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action against the sheriff of the parish of New Orleans, for seizing the property of the plaintiffs. The defence is, that the goods mentioned in the petition were the property of one M'Devitt, against whom an attachment has issued, and that if any sale of them had been made to the plaintiffs, it was false, fraudulent, simulated, and collusive.

An action lies against a sheriff, who seizes goods other than those of the defendant in execution.

A plaintiff in execution cannot seize property of the det ndant in the hands of third persons, on the ground that the sale to them is fraudulent.

But when the conveyance is *sous seing prive*, he may, if the sale was *anti dated*.

6ns137
52  934

VOL. VI. N. S.                    18

Eastern Dist.
*June*, 1827.

PEET
*vs*
MORGAN.

On this head, the defendant offered testimony to establish the facts set up in his answer. The court refused to receive it, and he excepted. This rejection of his evidence was followed by a verdict against him, and judgment in pursuance thereto, from which he has appealed.

In this court he has made two points: *first*, that no action lies against a sheriff, for a mistake in seizing the goods of a person other than the defendant in execution; and *second*, that the court erred in rejecting the testimony offered, to prove the sale was simulated and fraudulent.

1st. The only reason offered for this doctrine is, that by the laws of Spain various provisions existed, by which the party whose goods were seized might oppose their sale; and 2d, that the plaintiff under that system pointed out the goods that were to be seized, consequently, that he alone was responsible.

The first of these reasons is neither incompatible nor inconsistent with the right of suing also for damages. The second is not at this day the law in Louisiana. It is the duty of a sheriff when a writ is put into his hands to go and execute it, whether the plaintiff is here or

not to point out the property.    Such is the ne-
cessary consequence of the language used in
the writ, and the directions of the statute.  It is
contended the officer is nothing more than the
agent of the plaintiff: admitting he is not, no
man can protect himself from a trespass, by
averring he is the agent of another, unless
the person whom he represents had authority
to do the act complained of.    Even if the doc-
trine for which he contends were true, he has
not brought himself within it, for he has not
shewn that he was directed by the plaintiff in
attachment to seize the goods.  *Martin's Dig.
vol.* 2, 166, 168 and 169.

The second  point presents  the question,
whether the plaintiff had a right to seize these
goods, before he brought an action to set aside
the sale.    It has been determined in a variety
of cases decided in this court, that a creditor
had not a right on an allegation of fraud to treat
the alienation made by his debtor as null and
void, and seize at once, and by short hand, the
property conveyed by him.    Since that doc-
trine has been recognised by this tribunal, there
have been it is true, cases, where the parties
have chosen to put their respective rights at
issue in an action brought for the seizure, and

Eastern Dis't,
June, 1827,

PEET
vs.
MORGAN.

the court has not declined to pass on them, when they did so. The present case however, presents the exception on the part of the vendee, and the argument on the behalf of the creditor has called our attention particularly to the correctness of this doctrine; the extent to which it may be carried; and the limitations to which it is subject. 9 *Martin*, 648, 3 *n. s.* 338. *Babarin* vs. *Descontreaux*. *Henry* vs. *Hyde*

Of its correctness the court entertains no doubt. It is clearly supported by authority, and it is sanctioned by reason and utility. The principle on which it rests is, that men are presumed to act honestly, until the contrary is proved: that the conveyances alleged to be fraudulent are *prima facie* correct and fair; and that it is improper in opposition to these presumptions, the creditor should exercise rights that could only properly belong to him, in case the acts of his debtor were null and of no effect. In many instances should a contrary doctrine prevail, sales which were alleged fraudulent, might turn out to be *bona fide*, and the purchaser be deprived of the use and enjoyment of property which was honestly his. In the uncertainty which must prevail until the matter undergoes a judicial investigation, it is cer-

tainly the wisest course, and the one most
conducive to general utility, to consider the
thing sold as belonging to him, in whom the
title is vested.

But in the application of these principles, it will be readily perceived, that though it properly governs all cases where the conveyance is by public and authentic act, its utility is not so manifest when the alienation is by a private instrument. The former is presumed known to the creditor. Its date is established, and he acts in direct violation of the presumptions which these facts create, when he treats it as a nullity, and proceeds to seize the property conveyed by it. In the latter the sales is unknown to him, the conveyance is of no certain date, and no notice is given that a transfer has been made of the property.

If the date of the conveyance is subsequent to the seizure by the creditor, it is a self evident proposition that it cannot be objected to his right of seizing, that he did not bring an action to set aside the sale. If the rules of law recognise, as they do, no date to an act *sous seing prive*, but that of the day on which it is opposed to a third party in court, then the proposition is equally evident, that it is not a good

defence to make to the seizure, that suit was not brought to avoid the alienation. In both instances the answer is conclusive, that the creditor could not by an action previous to the levy made under the execution, set aside acts which were not made until after the levy took place.

But if to this rule of law in relation to the date of acts *sous seing prive*, the party claiming the goods answers as he may, that he can prove by circumstances *dehors* the act that it was really made at the time it purports to be executed, it is necessarily open to the creditor, to rebut that proof, by other testimony which will establish that it was not.

That evidence the plaintiff was under the necessity of producing here, and in refusing the defendant the right to shew that the sale was *simulated*, that is made at a date different from that which it purported, we are of opinion the court erred.

The only case in which this court has sustained the objection to a seizure, when the sale was made by act *sous seing prive*, is the case of *Richards* vs. *Nolan*, but that case was heard *ex parte*, and the point now raised was not presented to our consideration. 3 *n. s.* 336.

Being therefore of opinion that the court be-
low erred in rejecting the evidence, we cannot go into the questions made by the appellee.
They will be proper subjects for consideration if the cause should again come before us on the merits.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the cause be remanded to the district court with directions to the judge not to refuse evidence which will shew the date at which the sale relied on by the plaintiff was really made. And it is further ordered that the appellees pay the costs of this appeal.

*Hennen* for the plaintiff, *Watts & Lobdell* for the defendants.